FILED & ENTERED

FEB 10 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>JAMES A. KRAGE,<br><br>　　　　　　　　　　　　Debtor. | Case No.: 2:12-bk-17916-WB<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION ON DEBTOR'S WRIT OF ERROR; MOTION TO RECONSIDER ORDER DENYING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL OF ORDER GRANTING RELIEF FROM STAY; AND REQUEST FOR JUDGE BRAND TO RECUSE HERSELF FOR BIAS AND PREJUDICE**<br><br>[No hearing held] |

　　　Debtor James A. Krage's Writ of Error; Motion to Reconsider Order Denying Motion to Extend Time to File Notice of Appeal of Order Granting Relief from Stay; and Request for Judge Brand to Recuse Herself for Bias and Prejudice seeks reconsideration of the Court's Order

Denying Motion to Extend Time to File Notice of Appeal of Order Granting Relief from Stay (Docket No. 179) and requests that Judge Brand recuse herself for bias and prejudice. Having considered the Motion, the Court will deny the Motion for the reasons set forth below.

### I. Reconsideration of Court's Order Denying Motion to Extend Time

Mr. Krage seeks reconsideration of the Court's order denying his motion to extend the deadline to file a notice of appeal of the Order Granting Relief from Stay, which order was entered by the Court on November 12, 2014 (Docket No. 173). Mr. Krage's motion to extend the deadline was filed on December 1, 2014.[1] The Court denied the Motion by order entered on December 19, 2014 on the basis that Mr. Krage had not demonstrated excusable neglect to warrant granting the motion.

A motion for reconsideration is made pursuant to Federal Rule of Civil Procedure 60, as incorporated by Federal Rule of Bankruptcy Procedure 9024. Federal Rule of Civil Procedure 60(b) provides for reconsideration based on, among other things, (1) mistake, inadvertence, surprise, or excusable neglect; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1) and (6). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id.

Debtor requests relief from the order based on the erroneous assumption that his motion was timely filed within the 14 day period provided in Bankruptcy Rule 8002, and that, in any event, he has demonstrated excusable neglect for failing to timely file a notice of appeal.

A bankruptcy court may extend the time for filing a notice of appeal for any party. Fed. R. Bankr. P. 8002(c)(1). A request to extend the time to file a notice of appeal must be made by written motion within 14 days of the entry of the order appealed from. Fed. R. Bankr. P. 8002(a), 8002(c)(2). If the motion is filed after that 14-day period, but within 21 days of the

---

[1] The Order Denying an Extension of the Deadline to Appeal incorrectly provides that Mr. Krage filed his motion on December 2, 2014 rather than December 1, 2014. This error had no impact on the decision and does not warrant reconsideration for the reasons set forth in this memorandum of decision.

-2-

expiration of that period, an extension may be granted upon a showing of excusable neglect. Fed. R. Bankr. P. 8002(c)(2). The extension of time must not exceed 21 days from the expiration of the time to file a notice of appeal or 14 days from the date of entry of the order granting the motion, whichever is later. Id. Lack of notice of an order's entry does not affect the time to appeal or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002. Fed. R. Bankr. P. 9022.

A bankruptcy court has authority to extend the time to file a notice of appeal, even after the period has expired. In re F. P. Newport Corp., 137 F. Supp. 58, 60 (S.D. Cal. 1955), aff'd sub nom. Newport v. Sampsell, 233 F.2d 944 (9th Cir. 1956). After the period to file a notice of appeal has expired, a bankruptcy court may extend the time upon a showing of excusable neglect. In re Schafler, 263 B.R. 296, 301 (N.D. Cal. 2001). In general, determining whether excusable neglect is present is an equitable consideration and depends on the relevant circumstances, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993).

In the Ninth Circuit, the standard for finding excusable neglect is a strict one. In re Donnell, 639 F.2d 535, 539 (9th Cir. 1981). Failure to receive notice of an entry of an order does not excuse an untimely appeal because the parties have an affirmative duty to monitor the dockets. In re Cahn, 188 B.R. 627, 632 (9th Cir. B.A.P. 1995). Moreover, Rule 9022 is explicit in that a lack of notice of an entry does not affect the time to appeal. Id. Furthermore, *pro se* litigants are not excused from following court rules. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997).

The Order Granting Motion for Relief from Stay to U.S. Bank was entered on November 12, 2014. Debtor had 14 days from November 12, 2014 to file a request to extend the time to file a notice of appeal; that deadline was November 26, 2014. The Thanksgiving holiday was on Thursday, November 27, 2014, therefore the Thanksgiving holiday occurred after the expiration of the time for filing a notice of appeal and did not extend Debtor's time to file a notice of

appeal. Thus, Debtor's filing of his motion for leave to appeal on December 1, 2014 was untimely.

This Court therefore considered whether the Debtor showed excusable neglect sufficient to warrant granting the Motion. The Court found that he did not satisfy the burden of showing excusable neglect for the untimely filing. Mr. Krage asserted that he did not learn of the entry of the order until November 18, 2014 and that he had to contend with responses to his adversary proceeding from U.S. Bank. Mr. Krage received notice of entry of the order eight days before expiration of the appeal period and he was present at the hearing when the Court issued the oral ruling, so he was aware that an order granting the motion would be entered. Mr. Krage had a duty to monitor the docket for entry of the order and to act to protect his interests. He did not do so. Further, the Court found the fact that he had to "contend" with responses filed by the opposing parties in an adversary proceeding initiated by Mr. Krage to be an insufficient excuse for failing to timely file a notice of appeal. A review of the docket in the adversary proceeding indicated that responsive pleadings were not filed until December 1, 2014, after the time for appeal had run and that the only filing during the relevant time period was the filing of the proof of service on November 19, 2014, seven days before the time for appeal had run. The Court concluded that Debtor had not met his burden to show excusable neglect and that this failure outweighed any prejudice. In his motion for reconsideration Mr. Krage has not demonstrated mistake, inadvertence, or excusable neglect to warrant relief under Rule 60(b)(1), nor has he demonstrated extraordinary circumstances warranting relief under Rule 60(b)(6).

Accordingly, the motion for reconsideration will be denied.

**II. Disqualification**

Mr. Krage contends that recusal is required based on Mr. Krage's assertion that "Judge Brand is showing herself to be biased and prejudiced against the Debtor, possibly against all debtors. Judge Brand appears to be unwilling to rule on the facts and law, but rather by whim, and should recuse herself from this case and possibly should be complained as unfit for office."[2]

---

[2] Writ of Error; Motion to Reconsider Order Denying Motion to Extend Time to File Notice of Appeal of Order Granting Relief from Stay; Request for Judge Brand to Recuse Herself for Bias and Prejudice FRBP 8002(c), FRCP 42, FRCP 6(a)(1)(C), Docket No. 181 at 3:16-19.

Mr. Krage makes this assertion on information and belief, without any reference to specific actions or case law that would support the relief he requests. In essence, Mr. Krage states that recusal is required because he disagrees with the Court's rulings in his case.

Disqualification of federal bankruptcy judges is controlled by 28 U.S.C. § 455 which provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his <u>impartiality might reasonably be questioned</u>.
> (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a <u>personal bias or prejudice</u> concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455.

Section 455 applies to all federal judges, including appellate, district, magistrate and bankruptcy judges. 28 U.S.C. § 455. Personal bias and prejudice are grounds for disqualification under section 455. The substantive test for bias or prejudice connotes "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree . . . ." <u>Liteky v. United States</u>, 510 U.S. 540, 550 (1994).

The standard for recusal is an objective one. The Court must determine "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 860 (1988); <u>Hale v. United States Trustee (In re Basham)</u>, 208 B.R. 926, 933 (9th Cir. BAP 1997), <u>aff'd</u>, 152 F.3d 924 (9th Cir. 1988). Judges must also be subjectively confident of their ability to be evenhanded. <u>Bernard v. Coyne (In re Bernard)</u>, 31 F.3d 842, 844 (9th Cir. 1994); <u>United States v. Holland</u>, 519 F.3d 909, 914 (9th Cir. 2008). The judge is required "to set aside emotion and thoughtfully examine his ability to impartially 'administer justice without respect to the persons.'" <u>Id.</u> at 915. On a motion to recuse under section 455, the court is not required to accept as true the factual allegations set forth in the motion. <u>Seidel v. Durkin (In re Goodwin)</u>, 194 B.R. 214, 222 (9th Cir. BAP 1996).

Judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal

motion.  In re Goodwin, 194 B.R. at 224; Liteky, 510 U.S. at 555; Blixseth v. Yellowstone Mountain Club, 742 F.3d 1215, 1220 (9th Cir. 2014).  Indeed, "even if [the judge] erred, that does not constitute bias.  A judge may be wrong without being prejudiced."  In re Goodwin, 194 B.R. at 224.  Similarly, clashes between court and counsel are not grounds for recusal based on bias.  United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006).  Nor are expressions of frustration or anger.  United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997).  "Recusal is only warranted if rulings are based on extrajudicial 'knowledge that the [judge] ought not to possess' or 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"  Id.

In this case, the Debtor has not identified, nor provided any evidence of, any specific instances of bias but instead makes vague assertions that Judge Brand's rulings are based on whim rather than the facts and the law.  The Court has reviewed its rulings and concludes that there is no bias or prejudice against any party in this bankruptcy case.  Accordingly, the Motion will be denied.

An order will be entered consistent with this Memorandum of Decision.

Date: February 10, 2015

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge